UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LUZ S. BUSH,

  Plaintiff,          Case No. 3:16-cv-298

vs.

COMMISSIONER OF        Magistrate Judge Michael J. Newman
SOCIAL SECURITY,         (Consent Case)

  Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

  This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 13. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Widow's Insurance Benefits ("WIB").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[2] and the record as a whole.

---

[1] Widow's Insurance Benefits are evaluated using the same criteria as Disability Insurance Benefits. *Freeman v. Comm'r of Soc. Sec.*, No. 1:12-CV-02284, 2013 U.S. Dist. LEXIS 96218, at *2-3 (N.D. Ohio July 10, 2013).

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for WIB alleging an onset date of June 18, 2012. PageID 103, 202. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, chronic renal failure and diabetes. PageID 68.

After an initial denial of her application, Plaintiff received a hearing before ALJ Henry Kramzyk on May 19, 2015. PageID 78-105. The ALJ issued a written decision on July 27, 2015 finding Plaintiff not disabled. PageID 65-73. Specifically, the ALJ found at Step Two that Plaintiff's impairments were not "severe" as a matter of law. PageID 68. The Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 65-73), Plaintiff's Statement of Errors (doc. 8) and the Commissioner's memorandum in opposition (doc. 9), and Plaintiff's reply (doc. 10). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

# II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

3

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly applying the correct standard at Step Two of the sequential evaluation.

At Step Two, the ALJ must consider whether the claimant suffers from one or more "medically determinable" impairments, *i.e.*, an impairment that results from anatomical, physiological, or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1505, 404.1508, 404.1520(a)(4)(ii) and 404.1527(a)(1). If an impairment is medically determinable, the ALJ must next decide whether that impairment is severe or non-severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). Establishing a severe impairment at Step Two is a "*de minimis* hurdle[,]" *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1998), intended to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 89 (6th Cir. 1985). Accordingly, "an impairment can be considered not severe only if it is a slight abnormality that

4

minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862.

In this case, record reviewers Anton Freihofner, M.D. and Louis Goorey, M.D both opined that Plaintiff suffers from one or more severe impairments, stating specifically that "[t]he medical evidence in [the] file does indicate that [Plaintiff has] severe impairments which may cause some limitations in [her] daily activities…." PageID 123, 130. Despite there being no medical source opinions of record opining that Plaintiff's impairments are non-severe, the ALJ rejected these opinions because, "[w]hen [they] reviewed the claim, there was 'insufficient' evidence." PageID 72.

The undersigned finds error in the ALJ's conclusion in this regard. Both doctors specifically opined that Plaintiff suffers from severe impairments, and neither found the evidence insufficient to so conclude. PageID 118-23, 125-31. Instead, Drs. Freihofner and Goorey found the evidence insufficient to determine the extent of her severe impairments, *i.e.*, what work related limitations, if any, arose from Plaintiff's severe impairments. PageID 123, 130. The ALJ's analysis merits reversal. *Accord Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013) (holding that the ALJ's failure to give an adequate explanation for discounting medically determinable impairments makes the ALJ's Step Two findings "defective").

Accordingly, the ALJ's non-disability finding is unsupported by substantial evidence and must be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

5

§ 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  In this instance, factual issues remain and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 27, 2017                               s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge