UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LUZ S. BUSH,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-298

Magistrate Judge Michael J. Newman
(consent case)

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR AN ATTORNEY'S FEE AWARD UNDER 42 U.S.C. § 406(b) (DOC. 15); (2) AWARDING PLAINTIFF'S COUNSEL $10,512.50 IN FEES; AND (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE EAJA FEE PREVIOUSLY AWARDED TO COUNSEL.**

---

On December 27, 2017, the Court reversed the Commissioner's non-disability finding and remanded this case to the Commissioner of Social Security for further proceedings. Doc. 14. On remand, Plaintiff received an award of benefits under the Social Security Act. *See* doc. 15-2 at PageID 1267-71. Thereafter, Plaintiff's counsel sought, and was awarded in this Court, attorney's fees in the amount of $2,750.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docs. 13, 14. Plaintiff's counsel now moves for an award of attorney's fees in the amount of $10,512.50 under 42 U.S.C. § 406(b).[1] Doc. 15. The Commissioner filed a response to

---

[1] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

Plaintiff's motion. Doc. 18. The Court has carefully reviewed the foregoing, and Plaintiff's motion is now ripe for decision.

In Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. § 406(b)(1). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Plaintiff's counsel represents working a total of 17.55 hours before this Court. Doc. 17 at PageID 1263. Counsel's requested fee of $10,512.50, divided by the 17.55 hours spent working on the case, results, as noted, in a hypothetical hourly rate of $599.00, an hourly rate that is -- based upon the material submitted in support of Plaintiff's motion -- reasonable in light of the skill and experience of counsel.

## II.

Based upon the foregoing: (1) Plaintiff's motion for a § 406(b) fee award (doc. 15) is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $10,512.50 in attorney's fees; (3) Plaintiff's counsel are **ORDERED** to reimburse to Plaintiff, within **FOURTEEN (14) DAYS**, the EAJA fee previously awarded to counsel; and (4) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:  March 21, 2019                    s/ Michael J. Newman
                                         Michael J. Newman
                                         United States Magistrate Judge